**GREENBERG TRAURIG, LLP**
James L. Ryerson
500 Campus Drive, suite 400
Florham Park, NJ 07932
Telephone: 973.443.3246
Email: ryersonj@gtlaw.com

Steven J. Wadyka Jr.
(*pro hac vice* application forthcoming)
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W.
Washington, D.C. 20037
Telephone: 202.331.3105
Email: wadykas@gtlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ACROW CORPORATION OF AMERICA, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| DOKA USA LTD AND DOKA GMBH. | ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) | |

## COMPLAINT

Plaintiff Acrow Corporation of America ("Acrow" or "Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Defendants Doka USA Ltd. and Doka GmbH (collectively, "Doka" or "Defendants"), and alleges as follows:

1

**STATEMENT OF THE CASE**

1. This is an action for trademark infringement under the trademark laws of the United States, for unfair competition under federal and New Jersey law, and for common law trademark infringement based on Defendants' unauthorized use of a mark that is identical to Plaintiff's federally registered and incontestable trademark SUPERPROP® in connection with shoring products that compete in the same marketplace and channels of trade as Plaintiff's products.

2. Acrow is the owner of the federally registered, incontestable trademark SUPERPROP® (U.S. Registration No. 2,253,204) for use in connection with prefabricated modular steel shoring systems. Acrow has used the SUPERPROP® mark continuously for more than 33 years in the United States and has built substantial goodwill and consumer recognition in connection with that mark.

3. Notwithstanding Acrow's well-established and incontestable rights in the SUPERPROP® mark, Defendants have adopted and used the mark SUPER PROP in connection with their aluminum floor props and shoring products for construction applications that are substantially similar to those served by Acrow's products. Defendants' use of SUPER PROP is likely to cause, and has already caused, confusion, mistake, and deception among consumers as to the source, sponsorship, or affiliation of Defendants' products.

4. By this action, Acrow seeks injunctive relief, damages, an accounting of profits, and all other relief to which Acrow is entitled as a result of Defendants' infringing activities.

**PARTIES**

5. Plaintiff Acrow Corporation of America is a New Jersey corporation with its principal place of business at 181 New Road, Suite 202, Parsippany, New Jersey 07054. Acrow is a leading engineering and manufacturing company specializing in bridging systems and prefabricated modular steel shoring systems for construction and infrastructure projects.

2

6.      Defendant Doka USA Ltd. is a New Jersey corporation with its principal place of business at 251 Monroe Street, Kenilworth, New Jersey 07033. Doka USA Ltd. is engaged in the business of manufacturing, marketing, distributing, and selling temporary shoring and formwork products, including the infringing SUPER PROP products at issue in this action, in the United States and within this judicial district.

7.      Defendant Doka GmbH is an Austrian corporation with its principal place of business at Josef-Umdasch-Platz 1, Amstetten, Austria A-3300. Doka GmbH is the parent entity of Doka USA Ltd. and is engaged in the manufacture and supply of shoring and formwork products sold under the SUPER PROP mark in the United States, including within this judicial district.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367, because this is a civil action involving claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

9.      This Court has supplemental jurisdiction over Acrow's state law and common law claims as those claims are substantially related to the federal claims and form part of the same case or controversy.

10.     This Court has personal jurisdiction over Defendant Doka USA Ltd. because it is incorporated in and maintains its principal place of business in the State of New Jersey, and because it regularly transacts business within this judicial district, including the sale and distribution of the infringing products at issue herein.

11.     This Court has personal jurisdiction over Defendant Doka GmbH because it directs and controls the activities of its United States subsidiary, Doka USA Ltd., and because it transacts

3

business within the United States and this judicial district, including through the manufacture and supply of the infringing SUPER PROP products sold and distributed in the United States.

12.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Defendants are subject to personal jurisdiction in this district.

**FACTUAL ALLEGATIONS**

**A.  Acrow and Its SUPERPROP® Mark**

13.     Acrow is a premier engineering and manufacturing company with decades of experience providing high-quality bridging systems and prefabricated modular shoring systems for construction and infrastructure projects throughout the United States and internationally.

14.     For more than 33 years, Acrow has continuously used the trademark SUPERPROP® in the United States in connection with its prefabricated modular steel shoring systems. These systems are designed for demanding construction applications, including bridge construction and maintenance, cofferdam construction, viaduct construction, and other infrastructure projects requiring heavy-load support systems.

15.     As a result of Acrow's long, continuous, and exclusive use of the SUPERPROP® mark, and the substantial commercial success of its SUPERPROP® shoring products, Acrow has developed extensive goodwill and consumer recognition in the SUPERPROP® mark within the construction and infrastructure industries.

16.     Acrow is the owner of United States Trademark Registration No. 2,253,204 for the mark SUPERPROP®, registered on the Principal Register of the United States Patent and Trademark Office. This registration has become incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, Acrow's ownership of the mark, and

4

Acrow's exclusive right to use the mark in commerce in connection with the goods identified in the registration.

17.    A true and correct copy of the Certificate of Registration for the SUPERPROP® mark is attached hereto as **Exhibit A**.

18.    By virtue of its federal registration, Defendants have had constructive notice of Acrow's rights in the SUPERPROP® mark since the date of registration, pursuant to 15 U.S.C. § 1072.

## B.  Defendants' Infringing Activities

19.    Upon information and belief, Defendants have adopted and used the mark SUPER PROP in connection with their aluminum floor props and shoring products for construction applications, without authorization from Acrow and in violation of Acrow's exclusive rights in the SUPERPROP® mark.

20.    Defendants use the SUPER PROP mark to market and sell shoring products that are designed to support concrete slabs during construction, a temporary shoring application that is substantially similar to, and directly overlapping with, the construction shoring applications for which Acrow's SUPERPROP® products are used.

21.     Upon information and belief, Defendants' first use of the SUPER PROP mark in the United States occurred no earlier than 2019, when the SUPER PROP product first appeared on Defendants' United States website under the "Floor Props" page, as reflected in records maintained by the Internet Archive (Wayback Machine).



At all relevant times, Acrow's SUPERPROP® mark had been federally registered and was incontestable, and Defendants had constructive notice of Acrow's rights.

22.     Upon information and belief, Defendants' SUPER PROP products first appeared for sale in the United States through Defendants' online shop at shop.doka.com no earlier than September 26, 2020.

23.     Defendants' SUPER PROP mark is identical in appearance, sound, meaning, and commercial impression to Acrow's federally registered SUPERPROP® mark. The two marks are phonetically identical and visually virtually identical, differing only in the presence of a space between the words "SUPER" and "PROP" in Defendants' mark.

24.     Defendants' SUPER PROP shoring products and Acrow's SUPERPROP® shoring products are related goods used in the construction industry for shoring applications, travel in

overlapping channels of trade, and are marketed to and purchased by the same or overlapping categories of consumers, including engineers, architects, contractors, and construction companies.

25. Actual confusion has already occurred in the marketplace as a result of Defendants' use of the SUPER PROP mark. Specifically, on or about April 13, 2026, a potential Acrow customer inquired whether Acrow's SUPERPROP® shoring systems were being manufactured by Doka and stated that he would not purchase Acrow's SUPERPROP® shoring systems if they were associated with Doka, demonstrating actual confusion as to the source, sponsorship, or affiliation of the parties' respective products.

26. Acrow had no knowledge prior to receiving the call from the potential customer on or about April 13, 2026 that Doka was using the SUPER PROP mark in connection with the manufacture, offering for sale, or sale of shoring products for use in the construction industry.

27. Upon information and belief, at all times relevant hereto, Doka has not made prominent use of the SUPER PROP mark. Instead, such use has been limited to a page deep within the Doka website where the SUPER PROP mark appears at the bottom of the page in small type font. Upon information and belief, Doka has never used the SUPER PROP mark on the homepage of the Doka website nor has Doka used the SUPER PROP mark in such a manner that it could be readily identified or located through the exercise of reasonable diligence.

28. Upon information and belief, Defendants adopted and commenced use of the SUPER PROP mark with knowledge of, or in willful disregard of, Acrow's prior and incontestable rights in the SUPERPROP® mark, making Defendants' infringement willful.

29. By letter dated May 6, 2026, Acrow, through its counsel, demanded that Defendants immediately cease all use of the SUPER PROP mark in connection with shoring and related products. Defendants, through their counsel, refused to comply with Acrow's demands by letter

7

dated June 1, 2026, asserting, among other things, that the parties' respective goods are sufficiently different to preclude a likelihood of confusion.

30.     Defendants' continued use of the SUPER PROP mark, following receipt of Acrow's cease and desist letter and with full knowledge of Acrow's prior and incontestable rights, constitutes knowing and willful trademark infringement.

31.     Defendants' infringing activities have caused and are continuing to cause irreparable harm to Acrow, including damage to Acrow's valuable trademark rights, goodwill, and business reputation, for which Acrow has no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

32.     Acrow hereby incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33.     The First Claim for Relief is a claim of federal trademark infringement under 15 U.S.C. § 1114(1).

34.     Acrow is the exclusive owner of the federally registered, incontestable trademark SUPERPROP® (U.S. Registration No. 2,253,204) for use in connection with prefabricated modular steel shoring products.

35.     Acrow's exclusive rights in and to the federally registered SUPERPROP® mark predate any rights that Defendants could establish in and to any mark that consists of "superprop" or "super prop" in whole or in part, including, without limitation, the infringing SUPER PROP mark.

8

36.    Acrow's federally registered SUPERPROP® mark is inherently distinctive of and for the goods specified in its registration. For example, the United States Patent and Trademark Office registered the SUPERPROP® mark without proof of secondary meaning. As another example, upon information and belief, the term "superprop" or "super prop" is not a commonly used term in the shoring or construction industry. As a further example, neither the term "superprop" nor the term "super prop" describes any quality or characteristic of the goods that Acrow offers under the SUPERPROP® mark.

37.    The incontestable status of the SUPERPROP® mark means that the SUPERPROP® mark has acquired secondary meaning of and for the goods specified in its associated registration as a matter of law.

38.    Independent of the incontestable status of the SUPERPROP® mark, Acrow's SUPERPROP® mark has acquired distinctiveness of and for the goods that Acrow advertises, offers for sale, and sells under the SUPERPROP® mark.

39.    Defendants use the infringing SUPER PROP mark in United States commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and lease of shoring and temporary construction support products.

40.    Defendants' use of the infringing SUPER PROP mark creates the same and/or a confusingly similar overall impression in the marketplace as the use of Acrow's federally registered SUPERPROP® mark.

41.    Defendants are using the infringing SUPER PROP mark in commerce to advertise, promote, offer for sale, and sell goods that are identical to, competitive with, and/or overlapping with the goods that Acrow advertises, promotes, offers for sale, and sells under the federally registered SUPERPROP® mark.

9

42.    Defendants' use of the infringing SUPER PROP mark in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and/or lease of shoring and temporary construction support products, as alleged herein, has caused actual confusion about whether Plaintiff is Defendants (or vice versa), whether Plaintiff approves of, endorses, and/or sponsors Defendants' products, and/or whether there is some type of affiliation, association, and/or connection between Plaintiff and Defendants.

43.    Defendants' use of the infringing SUPER PROP mark in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and/or lease of shoring and temporary construction support products, as alleged herein, is likely to continue causing consumer confusion, mistake, and/or deception about whether Plaintiff is Defendants (or vice versa), whether Plaintiff approves of, endorses, and/or sponsors Defendants' products, and/or whether there is some type of affiliation, association, and/or connection between Plaintiff and Defendants.

44.    Based on Acrow's longstanding and continuous use of the SUPERPROP® mark in United States commerce for more than 33 years, as well as the federal registration and incontestable status of the SUPERPROP® mark and Acrow's cease and desist letter to Defendants dated May 6, 2026, concerning their unauthorized use of the infringing SUPER PROP mark, Defendants had actual and/or constructive knowledge of Acrow's superior rights in and to the SUPERPROP® mark when Defendants adopted and began using the infringing SUPER PROP mark in United States commerce.

45.    Upon information and belief, Defendants adopted and use the infringing SUPER PROP mark in the United States in furtherance of Defendants' willful, deliberate, and bad-faith scheme of exploiting the extensive consumer goodwill, reputation, and commercial success of goods that Acrow offers under its federally registered SUPERPROP® mark.

46.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their use of the infringing SUPER PROP mark, to which Defendants are not entitled at law or in equity.

47.     Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

48.     Acrow has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

49.     Acrow has no adequate remedy at law.

**COUNT II**
**False Designation of Origin and Unfair Competition**
**(15 U.S.C. § 1125(a))**

50.     Acrow hereby incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

51.     The Second Claim for Relief is a claim for false association, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a)(1)(A).

52.     Acrow's SUPERPROP® mark is a distinctive mark that identifies Acrow as the source of its shoring and construction support products and in which Acrow has established substantial and valuable goodwill as a result of more than 33 years of continuous use.

53.     Defendants' use of the infringing SUPER PROP mark in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and/or lease of shoring and temporary construction support products constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

54.     Upon information and belief, Defendants' acts and conduct complained of herein constitute false association, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a)(1)(A).

55.     Acrow has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

56.     Acrow has no adequate remedy at law.

## COUNT III
## Common Law Trademark Infringement
### (New Jersey Common Law)

57.     Acrow hereby incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

58.     The Third Claim for Relief is a claim for trademark infringement under New Jersey common law.

59.     Acrow has continuously used the SUPERPROP® mark in commerce in the United States for more than 33 years and has thereby acquired strong and well-established common law trademark rights in the SUPERPROP® mark in New Jersey and throughout the United States.

60.     Acrow's common law rights in the SUPERPROP® mark predate any rights that Defendants could establish in the infringing SUPER PROP mark.

61.     Defendants' use of the infringing SUPER PROP mark in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and/or lease of shoring and temporary construction support products is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendants' products, in violation of Acrow's common law trademark rights in and to the SUPERPROP® mark.

12

62.    Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of New Jersey common law.

63.    Acrow has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

64.    Acrow has no adequate remedy at law.

## COUNT IV
### Violation of New Jersey Unfair Competition Act
### (N.J.S.A. § 56:4-1, *et seq.*)

65.    Acrow hereby incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

66.    The Fourth Claim for Relief is a claim for unfair competition under New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

67.    Defendants' unauthorized use of the infringing SUPER PROP mark in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, sale, and/or lease of shoring and temporary construction support products constitutes the misappropriation of Acrow's valuable goodwill and business reputation, and is designed to and likely to cause consumer confusion as to the source, sponsorship, affiliation, or approval of Defendants' products.

68.    Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of New Jersey Unfair Competition Act.

69.    Acrow has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

70.    Acrow has no adequate remedy at law.

13

**WHEREFORE**, based on the foregoing, Plaintiff hereby prays that this Court:

A. Enter an Order finding in Plaintiff's favor on each Claim for Relief in the Complaint;

B. Preliminarily and permanently enjoin Defendants, their agents, servants, employees, officers, and all persons and entities in active concert and participation with them, from using the infringing SUPER PROP mark (or any other mark confusingly similar to Plaintiff's SUPERPROP® mark) on, for, and/or in connection with the distribution, advertising, promoting, offering for sale, sale, and/or lease of any goods or services, including, without limitation, shoring and temporary construction support products; and

C. Order Defendants to file with the Court and serve upon Plaintiff's counsel, within 30 days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Order Defendants to provide Plaintiff with an accounting of all of Defendants' distribution and sale of goods and services under the infringing SUPER PROP mark, as well as Defendants' profits derived therefrom, such amounts to be determined at trial;

E. Order Defendants to pay to Plaintiff all of Defendants' profits derived from the distribution and sale of all goods and services offered under the infringing SUPER PROP mark, such amounts to be determined at trial;

F. Award Plaintiff actual damages and treble damages caused by Defendants' infringement of Plaintiff's SUPERPROP® mark and other unlawful conduct alleged herein, such amounts to be determined at trial;

14

G.  Declare that Plaintiff is the "prevailing party" and that this is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), and award Plaintiff its costs and reasonable attorneys' fees incurred in this matter;

H.  Order the destruction of all products, packaging, labels, signage, advertising materials, promotional materials, and other items within the possession, custody, and control of Defendants that bear, feature, and/or contain the infringing SUPER PROP mark or any other mark confusingly similar to Plaintiff's SUPERPROP mark, including the removal of the infringing SUPER PROP mark and all associated content from all of Defendants' websites, online shops, social media pages, domain names, search engine keywords, metatags, and all other electronic and online uses;

I.  Award Plaintiff pre-judgment and post-judgment interest against Defendants; and

J.  Award to Plaintiff any further relief that this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable in this action pursuant to Fed R. Civ. P. 38(b) and 38(c).

15

Dated: July 27, 2026

Respectfully submitted,

/s/ James L. Ryerson
James L. Ryerson
GREENBERG TRAURIG, LLP
500 Campus Drive
Florham Park, NJ 07932
Telephone: 973.443.3246
Email: ryersonj@gtlaw.com

Steven J. Wadyka Jr.
(*pro hac vice* application forthcoming)
GREENBERG TRAURIG, LLP
2101 L Street, N.W.
Washington, D.C. 20037
Telephone: 202.331.3105
Email: wadykas@gtlaw.com

*Attorneys for Plaintiff*

16